**DENMAC CORPORATION, d/b/a the Ramada Inn, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 26440.

United States Court of Appeals
Fifth Circuit.
March 4, 1969.

John H. Benckenstein, Lipscomb Norvell, Jr., Benckenstein & Norvell, Beaumont, Tex., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, NLRB, Washington, D. C., Clifford Potter, Director, NLRB, Houston, Tex., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Herman M. Levy, Allen H. Sachsel, Attys., NLRB, for respondent.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this Court, we have concluded that this case is of such character as not to justify oral argument. Accordingly, the Clerk has been directed to place the case on the summary calendar provided for such matters, and to notify the parties in writing.[1]

This case is before the Court upon the petition of Denmac Corporation, d/b/a as The Ramada Inn, in Beaumont, Texas, to review and set aside an order of the National Labor Relations Board, reported at 172 N.L.R.B. No. 25. The Board cross applied for enforcement.

The sole issue is whether substantial evidence on the record as a whole supports the Board finding that the Company refused to rehire a waitress in violation of Section 8(a) (3) and (1) of the Act.

After a hearing, the trial examiner found that the Company had engaged in and was engaging in unfair labor practices [Section 8(a) (3) and (1)], and recommended an appropriate order. The Board adopted the findings, conclusions, and recommendations of the examiner.

The waitress charged and the General Counsel complained that the Company refused to rehire her because of her activities on behalf of the Union, previously chosen to represent the employees of the Company, and because she engaged in other concerted activities.

The Company denied the charge and answered that its refusal to rehire was for good cause which had no connection with the reasons alleged by the General Counsel.

We have read and considered the record as a whole, which necessarily included the conflicting claims, contentions, and testimony of the parties. There was substantial evidence on the record as a whole to support the findings of the Board. This Court in this dispute, therefore, has no further function to

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. See

Groendyke Transport, Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158.

perform, see Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951) and its innumerable progeny.

The order of the Board will be

Enforced.