**UNITED STATES of America, Plaintiff-Appellee,**

v.

**ONE SORREL QUARTER HORSE MARE NAMED "KITTYGONG", Defendant-Appellant.**

**No. 26754.**

United States Court of Appeals Fifth Circuit.

March 26, 1969.

Francis P. Maher, James Haynes, Jr., Laredo, Tex., for appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Morton L. Susman, U. S. Atty., Ronald J. Blask, Asst. U. S. Atty., Houston, Tex., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this Court, we have concluded that this case is of such character as not to justify oral argument. Accordingly, the Clerk has been directed to place the case on the summary calendar provided for such matters, and to notify the parties in writing.[1]

This was an action by the United States to forfeit, as property illegally smuggled into the United States, a sorrel, quarter horse mare, by the name of "Kittygong". It was alleged that the mare was brought into the United States illegally and clandestinely, by fording or swimming the Rio Grande River, the international boundary. The claimant, owner-appellant, denied that the horse was ever in Mexico or that she had been smuggled into the United States.

The issue in the Court below was wholly factual—whether the animal had been smuggled in.

After hearing the testimony, the District Judge, in his memorandum opinion, stated:

"On this issue the testimony is in direct conflict. There is no basis on which the testimony of some of the opposing witnesses may be reconciled or explained. One or more of the witnesses undoubtedly has committed perjury".

After hearing all the testimony the Judge concluded that he should believe, and did believe, the testimony of the horse trainer, which made out a case for

---

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. See

Groendyke Transport, Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158 [January 2].

the Government. He further stated that he disbelieved some of the witnesses for the owner and felt that others had been mistaken in their testimony.

The following language from Rule 52 (a) of the Federal Rules of Civil Procedure disposes of this appeal:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses".

The trial court specifically determined the credibility of the witnesses. This inescapably decided the outcome of the case. And it cannot be disturbed on appeal.

Affirmed.