**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**STEWART & STEVENSON SERVICES, INC., Respondent.**

No. 25902

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Feb. 12, 1969.

Rehearing Denied April 3, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., for appellant.

I. J. Saccomanno, Charles David Kipple, Houston, Tex., for appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The National Labor Relations Board petitions for the enforcement of its order issued against Stewart & Stevenson Services, Inc. on May 18,

1967.[1] We have carefully studied the briefs and record, and have determined that this appeal is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and notify the parties in writing.[2]

On the basis of the briefs and record, we proceed to the merits of the case. The Board found that Stewart & Stevenson Services violated § 8(a)(1) of the National Labor Relations Act by its coercive interrogations of and threats of discharge to union adherents. It also found that the company violated § 8(a)(3) and (1) by discharging employees Banks, Gonzales, Horn, and Morrissey because of their union activities and sympathies in order to discourage union membership. The Board's order requires the company to cease and desist from the unfair labor practices found and from in any other manner interfering with, restraining, or coercing its employees in the exercise of their statutory rights. Affirmatively, the order requires the company to offer reinstatement to the wrongfully discharged employees, to make them whole for any loss of pay suffered as a result of the discrimination against them, to post appropriate notices, and to convene all of its employees in order for a responsible company official to read them a notice stating that the company will refrain from any further anti-union activities.

A careful examination of the record has convinced us that there is substantial evidence to support the Board's findings regarding the threats, coercive interrogations, and the discharges of employees Banks, Gonzales and Horn. See NLRB v. Neuhoff Bros. Packers, Inc., 5 Cir. 1968, 398 F.2d 640. As to dis-charged employee Morrissey, however, we have not found substantial evidence to establish that his discharge was caused by an anti-union motive rather than for "not satisfactory work." See Steves Sash & Door Co. v. NLRB, 5 Cir. 1968, 401 F.2d 676; NLRB v. Atkins Saw Division of Nicholson File Company, 5 Cir. 1968, 399 F.2d 907. The Board's conclusion that Morrissey's discharge was discriminatory is based upon an assumed trumped-up transfer for the purpose of finding his work unsatisfactory in order to justify his discharge. We cannot accept these pyramidal inferences and assumptions as substantial evidence of unlawful motive.

Except insofar as it refers to employee Morrissey, the Board's order is in all respects appropriate under the circumstances of this case. See NLRB v. Bush Hog, Inc., 5 Cir. 1968, 405 F.2d 755 [December 26, 1968]. Thus, except for the part referring to employee Morrissey, the order of the Board will be enforced.

Enforced in part, denied in part.

## APPENDIX

### RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

#### RULE 17
#### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

#### RULE 18
#### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that

---

1. The Board's decision and order are reported at 164 NLRB No. 100.

2. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. All four of these new rules are reproduced in the Appendix to this opinion. For a general discussion of the need for and the propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5 Cir. 1969, 406 F.2d 1158.

a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(2) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

## RULE 19
## MOTION TO DISMISS
## OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver

of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

## RULE 20
## FRIVOLOUS AND UNMERI-
## TORIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.