Harold Raymond HOOKS, Petitioner-
Appellant,

v.

Louie L. WAINWRIGHT, Director, Divi-
sion of Corrections, Respondent-
Appellee.

No. 72–1119.

United States Court of Appeals,
Fifth Circuit.

April 11, 1972.

Harold Raymond Hooks, pro se.

Robert L. Shevin, Atty. Gen., George
R. Georgieff, Asst. Atty. Gen., Tallahas-
see, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief
Judge, and GOLDBERG and MORGAN,
Circuit Judges.

PER CURIAM:

Petitioner instituted the present §
1983 suit seeking to have the Florida
prison law library facilities upgraded, or
in the alternative, to have the State pro-
vide counsel to assist prisoners in their
legal endeavors.[1]  Recognizing that the
Supreme Court then had pending before
it the case of Younger v. Gilmore,[2] which
was expected to answer the identical
question posed by this case, namely,
"Does the State have an affirmative fed-
eral constitutional duty to furnish prison
inmates with expensive law libraries or,
alternatively to provide inmates with pro-
fessional or quasi professional legal as-
sistance?"  (39 L.W. 3169), but incor-
rectly, though hedgingly, predicting the
Supreme Court decision in *Gilmore*, the
District Court dismissed the petition
without prejudice to the petitioner to re-
file his suit should the Supreme Court
decision in *Gilmore* be contrary to the
District Court's expectations.  It was,

and accordingly, we summarily vacate the
dismissal of the § 1983 petition and re-
mand the case for reconsideration in
light of Younger v. Gilmore, *supra*, af-
firming Gilmore v. Lynch, N.D.Cal.
(Three-Judge), 1970, 319 F.Supp. 105;
Cruz v. Hauck, 1971, 404 U.S. 59, 92 S.Ct.
313, 30 L.Ed.2d 217;  Johnson v. Avery,
1969, 393 U.S. 483, 89 S.Ct. 747, 21 L.
Ed.2d 718;  and Novak v. Beto, 5 Cir.,
1971, 453 F.2d 661, rehearing en banc
denied, 1972, 456 F.2d 1303 [1972].

Part of the relief sought by petitioner
was denied by the District Court on the
authority of Cruz v. Beto, 5 Cir., 1971,
445 F.2d 801.  That decision has since
been reversed by the Supreme Court,
Cruz v. Beto, 1972, 405 U.S. 319, 92
S.Ct. 1079, 31 L.Ed.2d 263 [1972], and a
companion case was likewise reversed by
the Supreme Court, Cruz v. Hauck, *su-
pra*.

Vacated and remanded.

---

1. This case comes to us on petitioner-
appellant's motion for summary remand.
We dispose of this case summarily.  See
Groendyke Transport, Inc. v. Davis, 5
Cir., 1969, 406 F.2d 1158.

2. Younger v. Gilmore, 1971, 404 U.S. 15,
92 S.Ct. 250, 30 L.Ed.2d 142.