**AEROJET–GENERAL CORPORATION, Plaintiff-Appellant,**

v.

**Reubin O'Donovan ASKEW, Etc., et al., Defendants-Appellees.**

**No. 73–1300.**

United States Court of Appeals, Fifth Circuit.

March 5, 1973.

See also D. C., 355 F.Supp. 928.

George W. Wright, Jr., Karl B. Block, Jr., Miami, Fla., for plaintiff-appellant.

Robert L. Shevin, Atty. Gen., Barry S. Richard, Deputy Atty. Gen., M. Stephen Turner, Gen. Counsel, Bd. of Trustees, Tallahassee, Fla., Stuart Simon, Dade County Atty., Alan T. Dimond, Asst. County Atty., Miami, Fla., for defendants-appellees.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

This matter is before the court on a request by appellant Aerojet-General Corporation for a temporary stay of state court proceedings pending this court's resolution of this appeal from an order of the United States District Court for the Northern District of Florida. Both appellant and appellees have filed briefs on this motion and appellant has filed a reply brief. This court has determined that, because of the factual circumstances which will become evident, this appeal is one which may properly be disposed of summarily by this court at this time. See Groendyke Transport, Inc. v. Davis, 5 Cir. 1969, 406 F.2d 1158. We have, therefore, concluded that the stay requested by the appellant is granted and that this case will be remanded to the district court for the Northern District of Florida for further proceedings not inconsistent with this opinion.

The subject matter of this instant litigation has had a long history in the courts. At issue is the ownership of several thousand acres of land in Dade County, Florida. In 1961, Aerojet entered a lease-option contract with the Trustees and the State Board of Education of Florida concerning the lands in issue.

In 1969, Aerojet sought to exercise its option to purchase but the Board of Trustees refused to convey. Aerojet then instituted an action against the Trustees demanding specific performance of the option. This court, in Aerojet-General Corp. v. Askew et al., 5 Cir. 1971, 453 F.2d 819, upheld the district court's order of specific performance.

After the initial entry of the lease-option contract between Aerojet and the Trustees, but before Aerojet sought to exercise its option, section 253.111 of the Florida Statutes, F.S.A., was enacted into law. This section, enacted in 1965, requires that the Trustees shall not sell or convey any lands to any private parties without first giving notice to the County Board of Commissioners that the land is available to the county for public purposes.

In compliance with the mandate of this court, the Trustees executed a deed conveying the land in question to Aerojet on June 20, 1972. Metropolitan Dade County, not a party to this previous federal court action, sought a writ of mandamus from the Florida Supreme Court compelling the Trustees to comply with section 253.111 by offering the land to Dade County before sale. On October 11, 1972, the Florida Supreme Court, in State ex rel. Dade County v. Askew et al., 267 So.2d 827 (Fla., 1972), a proceeding in which Aerojet was *not* a party, construed the option contract between Aerojet and the Trustees to con-

template application of Florida statutes in effect at the time of exercise of the option. Following this decision, on October 31, 1972, the Trustees issued a deed on these same lands previously conveyed to Aerojet to Metropolitan Dade County.

In response to these events, Aerojet sought a declaratory judgment of its rights in the land vis-a-vis Dade County from the district court for the Northern District of Florida, the court which had previously ordered specific performance of the option contract.[1] On October 31, 1972, that court enjoined the defendant Trustees and Dade County from instituting any suit challenging Aerojet's title pending resolution of this action.

On January 8, 1973, the district court apparently modified that order and in effect dissolved the injunction. A reading of the opinion of the district court shows that this injunction was dissolved specifically to encourage the instigation of a state court suit to quiet title. The district court stated that the action was taken because "there are present unsettled questions of Florida law concerning transfer of public lands" which the court felt could be illuminated by state court consideration of underlying public policy in such transfers. Two days after this order of the district court was filed, Metropolitan Dade County commenced a quiet title suit in state court seeking to quiet title against Aerojet. Aerojet filed an appeal from the order dissolving the temporary injunction which had prohibited any such court suits and, at the same time, sought a stay of the state court quiet title suit pending appeal of the propriety of the district court's dissolution of the injunction. It is that application for a stay which is currently before this court.

At this point, the one factor which leads this court to summarily remand this matter occurs. In addition to filing this appeal of the dissolution order, Aerojet sought and obtained removal of the quiet title suit brought by Dade County from state court to the United States District Court for the Southern District of Florida. Thus, at this time, we are faced with the district court for the Northern District holding this suit in abeyance in order to obtain a state court adjudication of public policy. At the same time, it has become patently obvious that the asserted rationale for this abstention has been eliminated by the removal of the quiet title action from state court. The Northern District will now be able to obtain only the views of the Southern District as to the questions of public policy it feels are involved. Thus, we are faced with two suits in federal courts which allegedly may well turn on resolution of similar issues—the applicability of the Florida statute and the underlying state public policy on disposal of public lands.

Since the express grounds for the district court's (Northern District) order have now evaporated, we feel that the expense, both monetary and in the form of judicial energies, which would accompany the full briefing and argument of this instant appeal would be wasted. We, therefore, order that the Northern District's original injunction against any suits challenging Aerojet's title be reinstated so that that court can consider the merits of Aerojet's claim.[2]

Remanded.

1. In the opinion of this circuit in the first Aerojet-General Corp. v. Askew et al. case, the impact of Florida statute 253.111 on the lease-option contract was apparently not passed on. One of Aerojet's claims in the instant proceeding is an assertion that failure to press the statute as a defense in this earlier suit is *res judicata* on the issue and it can now not be relitigated.

2. It appears to the court that there is a strong argument here for transfer and consolidation of the quiet title suit with the instant proceeding. That would allow for all overlapping issues and any additional ones to be considered and resolved in a single forum. Hopefully, resolution in such an action would be a firm step toward bringing this complicated dispute to a truly final conclusion.