**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Abdul Lateef ISUMAN, Defendant-Appellant.**

No. 73-1879

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 11, 1973.

Jack V. Eskenazi, court-appointed, Federal Public Defender, Miami, Fla., Michael Doddo, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Robert C. Byrne, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Appellant Isuman was convicted by a jury of importing six and one-half pounds of marijuana in violation of 21 U.S.C. § 952(a). He was fined $500 and sentenced to imprisonment of ten months with a two-year special parole.

Appellant did not surrender on the date set for execution of the sentence and is presently a fugitive. Under these circumstances, we decline to adjudicate the merits of this case. This appeal is dismissed. Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970).

Appeal dismissed.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**Jerry Lee IRBY, Petitioner-Appellant,**

v.

**STATE OF ALABAMA, Respondent-Appellee.**

No. 73-2768.

United States Court of Appeals, Fifth Circuit.

Aug. 3, 1973.

Joseph G. L. Marston, III, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

The petition for a certificate of probable cause and leave to appeal in forma pauperis is granted and the appeal is ordered docketed. The decision of the District Court denying habeas corpus relief on grounds that petitioner (who pleaded guilty) was convicted without the presence of a jury and denied trial by jury and sentenced without a jury verdict is affirmed.[1] Dismissal, for failure to exhaust state remedies, of the claim based on alleged denial of a three-day delay between verdict and sentence is affirmed. Denial of relief on the claim of a coerced plea of guilty is vacated, it appearing to the court that this is an issue which cannot be determined from the face of the record and thus was not determined on petitioner's state appeal and could not be determined in the habeas proceeding without an evidentiary hearing. With respect to this claim exhaustion of state remedies is required.

1. It is appropriate to dispose of this case summarily. See Groendyke Transport., Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158.