Dennis NEWTON, Petitioner-Appellant,

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

No. 73-2857.

United States Court of Appeals,
Fifth Circuit.

Aug. 14, 1973.

James H. Randals, Staff Counsel for Inmates, Texas Dept. of Corrections, Huntsville, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen. of Tex., Austin, Tex., for respondent-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

Dennis Newton has applied to this court for a certificate of probable cause and leave to appeal in forma pauperis from the District Court's denial of his petition for habeas corpus. We grant the certificate, grant leave to appeal IFP, and remand the case to the District Court.[1]

Newton, convicted in Texas state court for robbery by assault, sought and was denied habeas relief in the Texas Courts. He filed a federal petition and the District Judge found that two of his contentions made therein had not been considered by or meaningfully presented to the state courts. These were a claim that he had been subjected to an illegal search and seizure, and a claim that after arrest he was held incommunicado, beaten, denied medical attention and not told of his *Miranda* rights. The District Judge dismissed the petition for failure to exhaust.

In his application to this court, petitioner, through counsel, states that "the narative [sic] statement of facts of the 1962 conviction presently challenged shows that the evidence seized in the alleged illegal search and seizure was never introduced at trial and that the alleged police brutality likewise did not result in the admission of any evidence at trial." This concession now made by counsel perhaps explains why the two grounds, though raised in the state petition, were not formally ruled upon by

---

1. It is appropriate to dispose of this case summarily. See Groendyke Transport, Inc. v. Davis, 5th Cir. 1969, 406 F.2d 1158.

the Texas courts. The concession lays these grounds to rest once and for all, United States v. Colbert, 474 F.2d 174 (CA 5, 1973); Green v. United States, 460 F.2d 317 (CA 5, 1972); Jackson v. Smith, 435 F.2d 1284 (CA 5), cert. denied, Jackson v. Dutton, 402 U.S. 947, 91 S.Ct. 1639, 29 L.Ed.2d 116 (1971). Bearing in mind the principles of comity that undergird the exhaustion requirement, it serves no interest, state or federal, to remand to the state courts for a ruling that arguably should have been made in the state proceedings on issues which petitioner concedes are lacking in merit. We remand to the District Court in order that it may consider the other grounds in petitioner's federal application.

Certificate of probable cause and leave to appeal *in forma pauperis* are granted, and the case is remanded for further proceedings consistent herewith.