9 F.3d 978
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Antonio Cornelius WOODS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5162.
 United States Court of Appeals, Federal Circuit.
 Aug. 10, 1993.
 
 Before LOURIE, Circuit Judge, BENNETT, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The United States moves for summary affirmance of the Court of Federal Claims order dismissing Antonio Cornelius Woods' complaint for lack of jurisdiction. Woods has not filed a response.
 
 
 2
 This matter stems from Woods' 79-page complaint alleging that he has been subjected to a "Remote Sensing Laser Device with Radio and computer assisted functions" since 1959, without his consent. Woods alleges that the "researcher/agents" controlling the device have caused him continuous physical and mental injuries in violation of numerous federal laws. Woods seeks compensation for these injuries.
 
 
 3
 The Court of Federal Claims dismissed Woods' complaint noting:
 
 
 4
 [n]one of the provisions of law cited by [Woods] are money mandating, and the court knows of none that address his circumstances. Nor is the court aware of any statutes, rules, or regulations that could be construed to be money mandating vis-a-vis his claims. In the absence of any such provisions the court lacks jurisdiction to address the issues presented.
 
 
 5
 The United States argues that "because Woods' complaint clearly does not meet any of the Court of Federal Claims jurisdictional prerequisites, the court properly dismissed the action" and hence summary affirmance is appropriate.
 
 
 6
 Summary disposition is proper in those cases in which "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." Groendyke Transport, Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir.1969). In this case, the jurisdiction of the Court of Federal Claims, as set forth in the Tucker Act, is limited to:
 
 
 7
 any claim against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or nonliquidated damages in cases not sounding in tort.
 
 
 8
 28 U.S.C. Sec. 1491(a)(1). The Tucker Act confers jurisdiction when some other authority creates a substantive right to recover money damages. Testan v. United States, 424 U.S. 392, 400 (1976). Woods has not alleged a claim against the United States under a statute, regulation or contract that mandates compensation by the Federal Government for the damage sustained. Here, the position of the United States is clearly right as a matter of law and there is no substantial question as to the outcome of the case. Therefore, summary affirmance of the Court of Federal Claims dismissal order is appropriate.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) The motion is granted.
 
 
 11
 (2) Each side shall bear its own costs.