14 F.3d 613
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 W.J. GRAY, Jr., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5174.
 United States Court of Appeals, Federal Circuit.
 Nov. 23, 1993.
 
 Before NIES, Chief Judge, PLAGER and CLEVENGER, Circuit Judges.
 ON MOTION
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 The United States moves for summary affirmance of the United States Court of Federal Claims' June 30, 1993 order dismissing W.J. Gray, Jr.'s complaint for lack of jurisdiction. Gray moves to "proceed ex parte."[1] The United States opposes.
 
 
 2
 Gray initially filed a civil rights suit in a district court under 42 U.S.C. Sec. 1983 in which he alleged that he was indicted as a result of unnecessarily suggestive identification procedures. Apparently, Gray was found not guilty in the criminal matter. The district court dismissed the suit on April 21, 1986 for failure to state a claim upon which relief could be granted.
 
 
 3
 In 1991, Gray filed a complaint in the United States Claims Court (now the Court of Federal Claims) seeking monetary damages arising from alleged violations of his rights. Gray's complaint sought $1.25 billion in damages. On November 25, 1991, the Claims Court sua sponte dismissed Gray's complaint for lack of jurisdiction. Gray appealed and this court granted the United States' motion for summary affirmance on April 9, 1992.
 
 
 4
 On June 30, 1993, Gray filed another action, labelled a "MOTION FOR WRIT OF HABEAS CORPUS," in the Court of Federal Claims. Basically, the complaint set forth the same allegations and arguments that were previously presented to the Claims Court in 1991. Gray also argued that the Court of Federal Claims should have jurisdiction over an action filed pursuant to 42 U.S.C. Sec. 1983. Gray again sought $1.25 billion in damages.
 
 
 5
 The Court of Federal Claims concluded (1) that none of Gray's claims for money damages arose from a money-mandating statute, constitutional clause, or case, and (2) that the court had no authority to grant a writ of habeas corpus. The Court of Federal Claims dismissed his complaint on June 30, 1993 for lack of jurisdiction and Gray timely appealed to this court.
 
 
 6
 Summary affirmance is appropriate when the position of one of the parties is so clearly correct as a matter of law that there can be no substantial question as to the outcome of the case. Groendyke Transport, Inc. v. Davis, 406 F.2d 1158 (5th Cir.1969), cert. denied, 394 U.S. 1012 (1969). Gray does not argue that the Court of Federal Claims had jurisdiction over his complaint. Instead, in his brief, Gray argues that his rights were violated.
 
 
 7
 To invoke the jurisdiction of the Court of Federal Claims under the Tucker Act, 28 U.S.C. Sec. 1491 (1988), a plaintiff must base a complaint upon a relevant constitutional provision, statute, or regulation that mandates the payment of money. United States v. Connolly, 716 F.2d 882 (Fed.Cir.1983) (in banc), cert. denied, 465 U.S. 1065 (1984). Gray has not carried his burden of establishing the Court of Federal Claims' jurisdiction over his complaint. Additionally, the Court of Federal Claims correctly determined that it does not have the power to grant a writ of habeas corpus. See 28 U.S.C. Sec. 2241 (writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions"). Here, the Court of Federal Claims correctly dismissed Gray's complaint on the ground that it did not have jurisdiction.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) The United States' motion for summary affirmance is granted.
 
 
 10
 (2) Gray's motion to proceed ex parte is denied.
 
 
 
 [1]
 Before the Court of Federal Claims, Gray stated in his complaint that if the United States did not respond to his complaint within 72 hours that "the petitioner may proceed this matter ex parte." Apparently, Gray believes that the United States' alleged failure to respond to his complaint within 72 hours entitles him to the relief he requested in his complaint. Gray's contention is without merit