33 F.3d 64
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wayne GOODE, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-5028.
 United States Court of Appeals, Federal Circuit.
 Feb. 24, 1994.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 The United States moves for summary affirmance of the Court of Federal Claims' November 15, 1993 judgment dismissing Wayne Goode's complaint for lack of jurisdiction. Goode opposes.
 
 
 2
 On November 12, 1993, the Court of Federal Claims stated:
 
 
 3
 The complaint must be dismissed for lack of jurisdiction. The substance of the grievance is that Mr. Goode has been frustrated in his efforts to establish Independent Brokers, Inc. as a brokerage house due to his inability to raise necessary capital. He characterizes the cause of action as one for restraint of trade due to the capitalization requirements imposed by the National Association of Securities Dealers. The court is satisfied that no statute grants a right to money damages against the United States for any of the circumstances alleged. Accordingly, nothing is alleged to bring the complaint within this court's jurisdiction.
 
 
 4
 In his response, Goode argues that "the Securities and Exchange Commission falls within the jurisdiction of this (Claims Court) court" and that "the legitimacy of this antitrust injury places the petitioner at a severe disadvantage as it relates to personal health and cost of living." However, these statements do not show that the Court of Federal Claims has jurisdiction over Goode's complaint. See 28 U.S.C. Sec. 1491-1509. The complaint does not identify an express or implied contract with the United States or a money mandating statutory or constitutional provision that would otherwise confer jurisdiction. Hence, this is a case that is appropriate for summary affirmance because "the position of one of the parties is clearly correct as a matter of law and where there is no substantial question as to the outcome of the case." Groendyke Transport, Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir.1969).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 The United States' motion for summary affirmance is granted.