**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 8, 2013

Lyle W. Cayce
Clerk

No. 12-40365
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUA MARK BODINE, also known as Desperado,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CR-37-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Joshua Mark Bodine appeals from his conviction by guilty plea of assault with a dangerous weapon in aid of racketeering activity. Bodine contends that the district court erroneously participated in plea discussions by consulting with the parties over a provision in the plea agreement requiring that the Government would make a recommendation for "camp" classification in the Bureau of Prisons. That provision was removed from the agreement before

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bodine pleaded guilty. He also contends that there was not an adequate factual basis on the record to support his guilty plea.

Bodine did not raise his contentions in the district court. His contentions therefore are reviewed for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002).

In order to prevail on appeal as to his plea discussion claim, Bodine "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Whether the classification recommendation was meant to bind only the Government or both the Government and the district court, Bodine cannot demonstrate prejudice sufficient to constitute reversible plain error. Pursuant to the policies of the Bureau of Prisons, Bodine, a member of the Aryan Brotherhood of Texas (ABT), would have been placed in a high security facility regardless of any judicial recommendation for a lower security classification. Bodine cannot show any reasonable probability that he would not have pleaded guilty had the district court simply rejected the plea agreement and given him the opportunity to withdraw his plea instead of counseling the parties to remove the classification recommendation provision. *See* FED. R. CRIM. P. 11(c)(1), (c)(1)(A), (c)(1)(c); *Dominguez Benitez*, 542 U.S. at 83.

The factual basis indicated that Bodine, a major in the ABT, ordered John Manning to locate, subdue, and restrain Matthew Fails by force because Fails owed Bodine money and had disrespected Bodine. Manning located Fails and attempted to restrain and abduct him. Manning shot Fails during a struggle. Pursuant to 18 U.S.C. § 2(b), Bodine could be convicted as a principal because Manning assaulted Fails with a dangerous weapon while carrying out Bodine's order. The use of a firearm was a probable consequence of the order Bodine gave Manning. *See United States v. Vaden*, 912 F.2d 780, 783 (5th Cir. 1990). The factual basis was sufficient to support Bodine's conviction.

No. 12-40365

The Government moves for summary affirmance or, in the alternative, for an extension of time in which to file a brief.  Summary disposition is appropriate in cases "where time is truly of the essence" or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Bodine's case can be resolved without further briefing, but summary affirmance is not appropriate.  *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006).  The Government's motion for summary affirmance or, in the alternative, for an extension of time, is denied.

AFFIRMED.  MOTION DENIED.