# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10726
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO MUNOZ-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-8-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mario Munoz-Garcia pleaded guilty to one count of being illegally present in the United States following deportation. The district court found that Munoz-Garcia's criminal history category was underrepresented and imposed a 72-month sentence, above the advisory guidelines range of 46-57 months in prison, to be followed by a three-year term of supervised release. In his only argument on appeal, Munoz-Garcia asserts that because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10726

indictment did not allege his prior aggravated felony conviction, his sentence, which exceeded the two-year statutory maximum set forth in 8 U.S.C. § 1326(a), constituted a violation of his due process rights.  He concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he maintains that the reasoning of this case has been called into question by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

The Government has filed a motion for a summary affirmance or, alternatively, for an extension of time to file a merits brief.  Summary affirmance is proper when, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  *Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

As Munoz-Garcia concedes, his due process argument is foreclosed by *Almendarez-Torres*.  Although *Apprendi* and *Alleyne* require that facts increasing the statutory maximum or minimum sentence must be submitted to a jury and proved beyond a reasonable doubt, they have preserved an exception for prior convictions.  *Alleyne*, 133 S. Ct. at 2160-64 & n.1; *Apprendi*, 530 U.S. at 489-90.  Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED.