# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2022

Lyle W. Cayce
Clerk

No. 21-11036
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Raul Garcia-Salazar,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-520-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Raul Garcia-Salazar appeals his conviction and sentence for illegal reentry after removal pursuant to 8 U.S.C. § 1326(a) and (b)(1). For the first time on appeal, he contends that treating a prior conviction that increases the statutory maximum under § 1326(b) as a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

sentencing factor, rather than as an element of the offense, violates the Constitution. He correctly concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve it for further review. The Government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its brief.

As the Government asserts and as Garcia-Salazar concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres. See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

The Government's unopposed motion for summary affirmance is GRANTED and its alternative motion for an extension of time to file an appellate brief is DENIED as moot. AFFIRMED.