# United States Court of Appeals for the Fifth Circuit

No. 21-51098
consolidated with
No. 21-51099
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gerardo Olvera-Vitela,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-435-1
USDC No. 4:21-CR-645-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*..

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51098 c/w
No. 21-51099

Defendant-Appellant Gerardo Olvera-Vitela appeals his conviction and sentence under 8 U.S.C. § 1326(a) and (b)(2) and the district court's order revoking the term of supervised release he was serving at the time of the offense. He abandons any challenge to the revocation order because his appellate brief "does not raise any issue with his revocation in this appeal." *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Olvera-Vitela contends that treating a prior conviction that increases the statutory maximum under § 1326(b)(2) as a sentencing factor, rather than an element of the offense, violates the Constitution. He correctly concedes that this contention is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but wishes to preserve it for further review.

Olvera-Vitela has filed an unopposed motion for summary affirmance. Because his position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

The motion for summary affirmance is GRANTED, and the judgment of conviction and order of revocation are AFFIRMED.