[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 23, 2008
THOMAS K. KAHN
CLERK

No. 07-11977
Non-Argument Calendar

_____

Agency No. A97-133-028

SHAN DONG CHEN,
a.k.a. Kun Chi Wu,
a.k.a. Zhan Tung Chen,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 23, 2008)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Shan Dong Chen, a native and citizen of the People's Republic of China,

petitions for review of the Board of Immigration Appeals' final order denying his motion to reopen his removal proceedings.

## I.

On March 25, 2003 Chen arrived at the Miami Airport without valid entry papers. After the INS served a notice to appear, Chen filed an application for asylum and withholding of removal under the Immigration and Nationality Act, and sought relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment. In his application, Chen alleged that he had been persecuted both because he sued a local Chinese official over payment for the sale of land and because his wife had given birth to a second child in violation of China's one child family planning policy.

In an oral decision, the IJ made an adverse credibility determination. The IJ further concluded that Chen had failed both to prove his identity and to provide sufficient evidence to support a finding that he and his wife had violated China's family planning policy or would likely be harmed due to any such alleged violation. The IJ, therefore, denied all forms of relief.

Chen filed a notice of appeal with the BIA. In his brief, Chen claimed for the first time that his wife, who was still in China, had been forcibly sterilized. Chen also attached new evidence relating both to his wife's sterilization and his identity for the BIA to consider. However, the BIA affirmed the IJ's adverse

2

credibility determination, and further concluded that it could not consider the new evidence.

In December 2006, Chen filed a motion to reopen his removal proceedings based on new evidence that he alleged proved his identity and established that his wife had been forcibly sterilized two months before his removal hearing. The new evidence included, among other things, an x-ray, which listed Chen's wife as the patient and included a patient identification number and film number, as well as a separate report from a United States physician stating that the x-ray depicted a sterilization. According to Chen, the evidence previously had been unavailable because he had not been aware of his wife's sterilization before his removal hearing, which Chen's wife confirmed in a letter that he also submitted as new evidence. Chen submitted a copy of his passport as proof of his identity. The BIA denied Chen's motion. With regard to the physician's report, the BIA specifically stated that although it was "the key evidence to support [Chen's] request," the report did not identify "the name of the patient or even attempt to connect the patient to [Chen]."

Chen petitions for review, arguing that the BIA erred by failing to grant his motion to reopen based on new evidence pertaining to his identity and his wife's sterilization. According to Chen, the BIA erroneously concluded that the submitted physician's report did not identify his wife as the patient who had been

3

sterilized.[1]  Chen further claims that the BIA erred by failing to address the

relevance of the evidence that he submitted concerning his identity.  Finally, Chen

attacks the IJ's adverse credibility determination.

## II.

"We review the BIA's denial of a motion to reopen for an abuse of

discretion."  Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005).  "Our

review is limited to determining 'whether there has been an exercise of

administrative discretion and whether the [manner] of exercise has been arbitrary

and capricious.'"  Id. (citation omitted).

An alien is permitted to file one motion to reopen.  8 U.S.C. §

1229a(c)(6)(A).  That motion must be filed within ninety days "of the date of entry

of the final administrative order of removal," id. § 1229a(c)(7)(C)(I), and must

"state the new facts that will be proven at a hearing to be held if the motion is

granted, and shall be supported by affidavits or other evidentiary material."  Id. §

1229a(c)(7)(B).

"A motion to reopen proceedings shall not be granted unless it appears to the

---

[1]  Chen has requested that we consider a revised version of the physician's letter,
explicitly naming Chen's wife, that he attached to his brief.  Because that letter is not part of the
administrative record, however, it is not properly before this Court.  See 8 U.S.C. §
1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record
on which the order of removal is based."); Al Najjar v. Ashcroft, 257 F.3d 1262, 1278 (11th Cir.
2001) (holding that we "cannot engage in fact-finding on appeal, nor may we weigh evidence
that was not previously considered below").

Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). We have recognized that this regulation is "framed negatively" and "does not affirmatively require the Board to reopen the proceedings under any particular condition." Al Najjar, 257 F.3d at 1301 (internal quotation marks and citation omitted). Thus, we have said that:

> At a minimum, there are at least three independent grounds upon which the Board may deny a motion to reopen: 1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion.

Id. at 1302; see also INS v. Abudu, 485 U.S. 94, 104–05, 108 S. Ct. 904, 912 (1988).

**III.**

As an initial matter, we conclude that we do not have jurisdiction to review the IJ's adverse credibility determination. A petitioner has only thirty days from the date of the final order of removal within which to file a petition for review. 8 U.S.C. § 1252(b)(1). The final order of removal in this case was entered on September 5, 2006. Chen did not file a petition for review until over seven months later on April 30, 2007. For that reason, we cannot review the IJ's adverse credibility determination. See Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3

5

(11th Cir. 2005) (refusing to consider the merits of the BIA's final order of removal based on a lack of jurisdiction because the alien filed his petition for review "over four months from the issuance of the final order of removal"). Accordingly, we dismiss Chen's petition to the extent that it seeks review of the IJ's credibility finding.

With respect to Chen's petition insofar as it challenges the BIA's denial of his motion to reopen, we conclude that the BIA abused its discretion.[2] In denying Chen's motion to reopen, the BIA did not make a finding as to whether the newly submitted evidence was previously unavailable. It did, however, analyze the evidence and apparently concluded that it was not material. Specifically, the BIA focused on the physician's report offered by Chen, calling it "the key evidence to support [Chen's] request." Indeed, the report was the only piece of evidence explicitly addressed in the BIA's order. However, the BIA concluded that the medical evidence was "indecisive" because the physician's report did "not identify the name of the patient or even attempt to connect the patient to [Chen]."

[2] The government contends that summary disposition of this case is appropriate because Chen waived his issues on appeal by failing to cite to the record or provide sufficient citations to relevant authorities in his brief. Our review of Chen's brief reveals that it does cite some legal authority and presents arguments in support of the issues raised on appeal. Accordingly, Chen has not waived his issues on appeal and summary disposition of the case is not appropriate. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (deeming issues waived where the appellant fails to argue the issues on appeal); Groendyke Transport, Inc. v. Davis, 406 F.2d 1158, 1161–62 (5th Cir. 1969) (stating that summary disposition is proper where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case").

A thorough review of the record reveals that the BIA's factual determination with respect to the physician's report is not supported by the record. Although the physician's report does not explicitly mention Chen's wife by name, it does contain identification numbers that match the numbers associated with Chen's wife as provided on the x-ray and in a separate x-ray report. Both the physician's report and the x-ray report are labeled with the same patient identification number and the same film number. Furthermore, the physician's report and the x-ray itself also include the same film number. Thus, the physician's report submitted by Chen did identify the patient as Chen's wife, even if not explicitly by name.

According to the physician's report, the x-ray of Chen's wife depicts a sterilization. Chen's new evidence of his wife's forced sterilization, if believed, "would likely change the result in the case." Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006). Under the INA, "[a] person who has been forced to . . . undergo involuntary sterilization . . . shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42)(B). Furthermore, in In re C-Y-Z, 21 I. & N. Dec. 915 (BIA 1997), the BIA held that an individual whose spouse has been forcibly sterilized qualifies for asylum. Id. at 919–20. This Court has never rejected the BIA's position in In re C-Y-Z. See Yang v. U.S. Att'y Gen., 494 F.3d 1311, 1317 (11th Cir. 2007) ("Because Yang concedes that he was not Ling's legal spouse, we have no occasion to decide whether the BIA's

7

interpretation of the refugee statute is due <u>Chevron</u> deference."). Accordingly, evidence of the forced sterilization of Chen's wife is significant in this case.

Moreover, although the BIA suggested that the other evidence submitted by Chen was irrelevant, it is unclear how, without discounting the credibility of that evidence, the BIA could make such a determination in light of Chen's new allegations. For example, Chen's additional evidence also included a letter from his wife confirming her forced sterilization, which, if believed, lends substantial support to Chen's allegations of persecution.

Although there also appears to be some question concerning Chen's identity, the BIA did not rely on previous doubts about Chen's identity in denying his motion to reopen. While Chen did submit a passport as new evidence with his motion, it does not appear to have been previously unavailable, because Chen acknowledged at his initial removal hearing that he had a passport even though it was not in the record. However, the BIA's order denying Chen's motion to reopen did not rely on or even discuss the issue of Chen's identity. Instead, the BIA relied on an erroneous evaluation of what it deemed "the key evidence" regarding the forced sterilization of Chen's wife.

We express no opinion as to how this case should ultimately be resolved. Notably, the BIA's order denying Chen's motion to reopen did not even make a conclusive finding as to whether Chen's new evidence was previously unavailable.

However, in light of the BIA's clear factual error, we vacate and remand Chen's petition in part so that the BIA may reassess the new evidence submitted by Chen in conjunction with his motion to reopen. That reassessment may include whether the evidence was previously unavailable.

**PETITION DISMISSED IN PART, VACATED AND REMANDED IN PART.**