[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13944
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 13, 2009
THOMAS K. KAHN
CLERK

Agency No. A97-133-028

SHAN DONG CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 13, 2009)

Before BIRCH, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Shan Dong Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' denial of his motion to reopen his removal proceedings. The facts relating to Chen's immigration proceedings are set forth in Chen v. United States Att'y Gen., No. 07-11977 (11th Cir. Jan. 23, 2008). There we held that the BIA had abused its discretion in denying Chen's motion to reopen based on newly submitted evidence of his wife's forced sterilization in China, because the BIA failed to make a finding as to whether such evidence was previously unavailable and the record did not support the BIA's conclusion that Chen's evidence was not material. On remand, the BIA again denied Chen's motion to reopen. It concluded that the evidence was previously available and discoverable and that Chen was not eligible for asylum relief based solely upon his wife's forced sterilization.

Chen contends that the BIA erred in concluding that the evidence was previously unavailable because he had no knowledge of, or documents pertaining to, his wife's forced sterilization until after his asylum hearing. He argues that he provided evidence that his wife did not inform him of the forced sterilization until after the asylum hearing and that the BIA unfairly denied him the opportunity to present a claim based upon such evidence.

"We review the BIA's denial of a motion to reopen for abuse of discretion." Montano Cisneros v. United States Att'y Gen., 514 F.3d 1224, 1226 (11th Cir. 2008). "Our review is limited to determining whether there has been an exercise of

2

administrative discretion and whether the matter of exercise has been arbitrary or capricious." Abdi v. United States Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (quotations omitted).

A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). "Motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Abdi, 430 F.3d at 1149 (citation and internal quotation marks omitted). "A motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; . . ." 8 C.F.R. § 1003.2(c)(1); see also Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001) (recognizing that the BIA may deny a motion to reopen based on the alien's "failure to introduce evidence that was material and previously unavailable").

Here the record supports the BIA's determination that Chen's evidence was previously available and discoverable. Chen admits that his wife's forced sterilization occurred more than two months before his asylum hearing, but argues that his wife did not tell him about the procedure until after his hearing. See contra Verano-Velasco v. United States Att'y Gen., 456 F.3d 1372 (11th Cir. 2006)

3

(noting that the alien's petition to reopen was based on a family court order that was issued after the alien's asylum hearing). Relying on the Immigration Judge's adverse credibility determination, the BIA did not accept Chen's explanation. Although Chen argues that the adverse credibility determination was "groundless," we have already held that we lacked jurisdiction to review the IJ's adverse credibility determination because Chen failed to file a timely petition for review from the BIA's final order of removal. See Chen, No. 07-11977, slip op. at 5–6. We therefore conclude that the BIA's reliance on the IJ's adverse credibility finding was not an abuse of discretion. Because the BIA found that Chen's evidence was available and discoverable before his asylum hearing, it properly denied his petition to reopen.

    **PETITION DENIED.**