# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 4, 2010

No. 09-50119

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GARY LEE HETH,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before KING, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:

Defendant–Appellant Gary Lee Heth appeals his conviction under 18 U.S.C. § 2250 for failure to register in accordance with the Sex Offender Registration and Notification Act. Heth contends that it was impossible to register and that his conviction consequently violated due process because Colorado, where he was convicted of the predicate sex offense, and Texas, where he was arrested and tried, had not implemented the Act. We affirm.

## I. BACKGROUND

In July 1997, Heth was convicted in El Paso County, Colorado, of sexual assault of a child by a person in a position of trust. He was originally sentenced to a term of five years' supervised probation; however, his probation was revoked

in October 1998, and he was sentenced to a term of four years' imprisonment. In May 2001, three weeks before his release on parole, Heth completed and signed a Colorado Department of Corrections Form 550–6A, styled "Notice to Register as a Sex Offender." The Form 550–6A provided notice to Heth that he bore the following obligations: (1) a duty to register within five business days of becoming a temporary or permanent resident of any city, town, or county in Colorado; (2) a duty to register no later than the next business day after discharge from incarceration; (3) a duty to re-register each year on his birthday or the following business day; (4) a duty, upon moving to a new Colorado jurisdiction, to submit a change of address in writing to authorities in the old jurisdiction and to register in the new jurisdiction; and (5) a duty to learn and obey the sex offender registration laws of any state into which he moved after leaving Colorado. Heth completed and signed a second Form 550–6A that same month, immediately following his release from prison. In May 2005, Heth completed and signed a third sex offender registration form from the El Paso County Sheriff's Office in which he further acknowledged that he was under a lifetime duty to register quarterly or else be guilty of a felony. The El Paso County notice specifically stated that, upon moving to another state, Heth must "complete a written cancellation of registration form to notify the local law enforcement agency from which [he is] moving" and "register with the local law enforcement agency in any state or other jurisdiction to which [he moves] within five (5) business days after moving."

Heth left Colorado and traveled across the United States for the next two years. In December 2005, Heth traveled to El Paso, Texas, where he resided until February 2006. After traveling to various cities and states, he moved to Los Angeles, California, where he resided for approximately seventeen months. In December 2007, he returned to El Paso, Texas. Heth did not register as a sex offender in Los Angeles, California, or in El Paso, Texas.

2

No. 09-50119

Heth was arrested on February 11, 2008, by the El Paso Police Department as a fugitive from justice for violating the terms of his probation in Colorado. When his name did not appear on city, county, or state sex offender registries, he was arrested by United States Marshals. Heth waived his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and voluntarily admitted that he was aware of his registration obligations but had failed to comply with them.

Heth was indicted on February 13, 2008, for failure to register under the Sex Offender Registration and Notification Act ("SORNA" or "the Act"), 18 U.S.C. § 2250.[1] The district court denied Heth's motion to dismiss the indictment, and the case proceeded to a bench trial on stipulated facts. Heth's motion for acquittal was denied, and he was convicted and sentenced to a term of 33 months' imprisonment with lifetime supervised release and a $100 special assessment. Heth timely appealed.

## II. DISCUSSION

SORNA imposes a registration requirement on sex offenders, 42 U.S.C. § 16913,[2] and a criminal penalty for failure to comply with the registration

---

[1] Heth was also charged with failing to register as a sex offender with the Federal Bureau of Investigations database, in violation of 42 U.S.C. § 14072, but the government voluntarily dismissed that count.

[2] The section imposing registration requirements reads, in full:
(a) In general
A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
(b) Initial registration
The sex offender shall initially register—
    (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
    (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
(c) Keeping the registration current
A sex offender shall, not later than 3 business days after each change of name,

requirement, 18 U.S.C. § 2250(a). Specifically, a sex offender is required to "register, and keep the registration current, in each jurisdiction where the offender resides, . . . is an employee, [or] is a student." 42 U.S.C. § 16913(a). To maintain the currentness of registration, sex offenders must update their registration within three business days of a "change of name, residence, employment, or student status." *Id.* § 16913(c). A sex offender who does not comply with SORNA's obligations faces criminal punishment: "Whoever . . . is required to register under the . . . Act; . . . travels in interstate or foreign commerce . . . ; and . . . knowingly fails to register or update a registration as required by the . . . Act; shall be fined under this title or imprisoned not more than 10 years, or both." 18 U.S.C. § 2250(a). These requirements apply to sex offenders whose sex offense convictions predate SORNA's enactment. 42 U.S.C. § 16913(d) (delegating to the Attorney General the authority to specify SORNA's applicability to sex offenders convicted before SORNA's enactment on July 27, 2006); 28 C.F.R. § 72.3 ("The requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required

---

residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

(d) Initial registration of sex offenders unable to comply with subsection (b) of this section

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

(e) State penalty for failure to comply

Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter.

42 U.S.C. § 16913.

prior to the enactment of that Act."). SORNA imposes a separate and distinct requirement on the states to implement SORNA-compliant sex offender registries within a specified time after the Act's enactment, 42 U.S.C. § 16924, or suffer the loss of a portion of their federal funding, *id.* § 16925(a). Heth contends that it was impossible for him to register under SORNA while in El Paso, Texas, because Colorado and Texas had not implemented the Act; he argues that his resulting conviction deprived him of his rights under the Due Process Clause.[3] We disagree.

Unlike SORNA's imposition of administrative requirements on states, which includes a delayed effective start date, SORNA's obligations on individual sex offenders—the registration requirements and corresponding criminal penalty—did not specify a delayed effective date, *see* 42 U.S.C. § 16924(a), and they therefore took effect on the date of enactment, July 27, 2006. Applicability of the Sex Offender Registration and Notification Act, 72 Fed. Reg. 8894–01, 8895 (Feb. 28, 2007) ("In contrast to SORNA's provision of a three-year grace period for jurisdictions to implement its requirements, SORNA's direct federal

---

[3] In addition to this argument, Heth briefs two others: (1) SORNA's registration requirements and criminal provisions exceed Congress's legislative power under the Commerce Clause; and (2) because Heth never received actual notice of SORNA's registration requirements, there is no evidence that he knowingly failed to register, and his conviction therefore violates due process.

In *United States v. Whaley*, we determined that SORNA was a valid exercise of Congress's power under the Commerce Clause. 577 F.3d 254, 261 (5th Cir. 2009); *see also id.* at 258 ("Congress has forbidden sex offenders from using the channels of interstate commerce to evade their registration requirements, and we have no doubt that it was within its power under the Commerce Clause to do so."). We also rejected the same due process claim mentioned above, holding that "notice of a duty to register under state law is sufficient to satisfy the Due Process Clause." *Id.* at 262. Heth had the requisite notice of that duty under Colorado law, and there is thus sufficient evidence that he knowingly failed to register as a sex offender. *See id.* at 262 n.6 (rejecting as "meritless" the defendant's claim that he could not have knowingly failed to register because the government did not inform him of SORNA's requirements). "'There is no language requiring specific intent or a willful failure to register such that he must know his failure to register violated federal law.'" *Id.* at 262 n.6 (quoting *United States v. Gould*, 568 F.3d 459, 468 (4th Cir. 2009)).

law registration requirements for sex offenders are not subject to any deferral of effectiveness. They took effect when SORNA was enacted on July 27, 2006, and currently apply to all offenders in the categories for which SORNA requires registration."); *see also Gozlon–Peretz v. United States*, 498 U.S. 395, 404 (1991) ("It is well established that, absent a clear direction by Congress to the contrary, a law takes effect on the date of its enactment."). As other courts addressing this issue have noted, nothing in SORNA's statutory scheme indicates that an individual's registration obligations are contingent upon a state's implementation of SORNA's administrative requirements. *See United States v. Hester*, 589 F.3d 86, 93 (2d Cir. 2009) (per curiam) ("That SORNA also requires jurisdictions to update and improve their registration programs, and that New York and Florida had not yet met those administrative requirements, does not excuse Hester's failure to meet the registration requirements that SORNA imposes on individual sex offenders and to register with the programs that did exist."); *United States v. George*, 579 F.3d 962, 965 (9th Cir. 2009) (rejecting the argument "that an individual's obligation to register is dependent on a state's implementation of SORNA"). Heth acknowledged on three occasions his duty to register as a sex offender upon moving to a new jurisdiction. It is beyond dispute that Colorado had a sex offender registry; Texas also had a sex offender registry in which Heth could have registered, as was required of him. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.001 *et seq.* (Vernon 2006); *United States v. Whaley*, 577 F.3d 254, 259 (5th Cir. 2009) (noting that all states and the District of Columbia had sex offender registration laws prior to SORNA's enactment). Heth was therefore not convicted of failing to do the impossible, and we hold that his due process challenge to SORNA is without merit.

Our decision today is in accord with the unanimous decisions of other Courts of Appeals that have considered this same impossibility challenge to SORNA. *See Hester*, 589 F.3d at 93 ("[W]e also agree with our sister circuits and

hold that compliance with SORNA is not 'impossible' in light of the fact that the states at issue had a registration program."); *United States v. Brown*, 586 F.3d 1342, 1349 (11th Cir. 2009) ("[A] sex offender is not exempt from SORNA's registration requirements merely because the jurisdiction in which he is required to register has not yet implemented SORNA."); *George*, 579 F.3d at 965 ("Without regard to whether SORNA is implemented by Washington or any other state, registration under it is required."); *United States v. Gould*, 568 F.3d 459, 465–66 (4th Cir. 2009) ("SORNA's requirement that a sex offender register applies whether registration would be accomplished through pre-SORNA registration facilities or under SORNA-compliant programs."), *petition for cert. filed* (Sept. 25, 2009) (No. 09-6742); *United States v. Dixon*, 551 F.3d 578, 582 (7th Cir. 2008), *cert. granted sub nom. Carr v. United States*, 130 S. Ct. 47 (Sept. 30, 2009) (No. 08-1301);[4] *United States v. Hinckley*, 550 F.3d 926, 939 (10th Cir. 2008) (rejecting an impossibility challenge to SORNA because the defendant "had notice of his obligations [and] could have registered in Oklahoma, which would have made him compliant with both state and federal law").

### III. CONCLUSION

We hold that Heth's conviction did not violate his due process rights because he was required to register under SORNA regardless of whether SORNA's administrative requirements had been implemented by Colorado or Texas. Heth's other arguments are foreclosed by circuit precedent. We therefore

---

[4] The questions presented for review before the Supreme Court in *Carr v. United States* are:

> 1. Whether a person may be criminally prosecuted under § 2250(a) for failure to register when the defendant's underlying offense and travel in interstate commerce both predated SORNA's enactment.
>
> 2. Whether the Ex Post Facto Clause precludes prosecution under § 2250(a) of a person whose underlying offense and travel in interstate commerce both predated SORNA's enactment.

Petition for Writ of Certiorari, *Carr v. United States*, No. 08-1301, 2009 WL 1101586 (Apr. 22, 2009). We note that Heth traveled to El Paso, Texas, after SORNA's enactment.

No. 09-50119

AFFIRM the judgment of the district court.

AFFIRMED.