# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 26, 2010

Lyle W. Cayce
Clerk

No. 09-50438
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HENRY CHARLES KNEZEK, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3116-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Henry Charles Knezek, Jr., appeals his conviction and 48-month prison sentence for failure to register as a sex offender as required by the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a).  Knezek contends that his conviction should be reversed because there was insufficient evidence to establish that he knowingly violated SORNA.  He also asserts that (1) his conviction violates due process because no state has implemented SORNA, (2) Congress lacked the authority under the Commerce

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clause to enact SORNA, and (3) he was denied due process because he did not have actual notice of SORNA's requirements.

To sustain a criminal conviction for a violation pursuant § 2250, the government had to prove that Knezek (1) was required to register under SORNA, (2) traveled in interstate or foreign commerce, and (3) "knowingly fail[ed] to register or update a registration as required by [SORNA]." *See* § 2250. Knezek insists that the plain language of the statute makes clear that the term "knowingly" applies not only to failure either to register or update a registration, but also to the specific requirements of SORNA. He argues that because he was not notified of the specific provisions of SORNA, the government could not prove that he "knowingly" failed to register.

In *United States v. Whaley*, 577 F.3d 254, 262 & n.6 (5th Cir. 2009), we rejected a similar argument, noting that ignorance of the law is not a defense and that the statute contains "'no language requiring specific intent or willful failure to register such that [the defendant] must know his failure to register violated federal law.'" *Whaley*, 577 F.3d at 262 & n.6 (5th Cir. 2009)(*quoting United States v. Gould*, 568 F.3d 459, 468 (4th Cir. 2009)). As the government was not required to prove Knezek knew that he violated SORNA, and as the evidence presented at trial supported a finding that Knezek knowingly failed to register, his challenge to the sufficiency of the evidence is without merit.

We also reject Knezek's contention that, because SORNA has not been implemented by any state, his conviction violates due process. *See United States v. Heth*, 596 F.3d 255, 258-60 & n.3 (5th Cir. 2010). Finally, as Knezek concedes, his contention that Congress lacked authority to enact SORNA and that lack of notice of SORNA violates due process are foreclosed. *See Whaley*, 577 F.3d at 261-62 (5th Cir. 2009). The judgment of the district court is AFFIRMED.