# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2010

Lyle W. Cayce
Clerk

No. 09-50339
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SALVADOR CONTRERAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1696-1

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Salvador Contreras appeals his conviction and sentence for failure to register as a sex offender as required by the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a). Following a bench trial, the district court sentenced Contreras to six months of imprisonment and ten years of supervised release.

Contreras contends that his conviction violates due process because no state has implemented SORNA and thus registration under SORNA was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

impossible. SORNA's registration requirements for individual offenders took effect on the date of SORNA's enactment regardless whether any state had implemented SORNA's administrative requirements. *United States v. Heth*, 596 F.3d 255, 258-60 & n.3 (5th Cir. 2010). Because Texas had its own sex offender registry, Contreras was not convicted of failing to do the impossible. *See id.*

Contreras asserts as well that there was insufficient evidence to establish that he knowingly violated SORNA. To sustain a criminal conviction for a violation of § 2250, the Government had to prove that Contreras (1) was required to register under SORNA, (2) traveled in interstate or foreign commerce, and (3) "knowingly fail[ed] to register or update a registration as required by [SORNA]." *See* § 2250. Contreras contends that the plain language of the statute makes clear that the term "knowingly" applies not only to failure either to register or update a registration generally, but also to the provisions of SORNA specifically. Thus, the Government could not prove that he "knowingly" failed to register. SORNA contains "'no language requiring specific intent or a willful failure to register such that [the defendant] must know his failure to register violated federal law.'" *United States v. Whaley*, 577 F.3d 254, 262 & n.6 (5th Cir. 2009) (quoting *United States v. Gould*, 568 F.3d 459, 468 (4th Cir. 2009)). As the Government was not required to prove Contreras knew that he violated SORNA and the evidence presented at trial supported a finding that Contreras knowingly failed to register, his challenge to the sufficiency of the evidence is without merit.

Contreras's arguments that Congress lacked authority to enact SORNA and that his lack of notice of the specific provisions of SORNA violates due process are foreclosed, as he concedes. *See Whaley*, 577 F.3d at 261-62. The judgment of the district court is AFFIRMED.