# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 15, 2010

Lyle W. Cayce
Clerk

No. 09-50834

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JESUS MARRUFO, also known as Jesus Duran Marrufo, also known as Jesus Marrufo-Duran,

      Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-cr-181-1

Before HIGGINBOTHAM, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jesus Marrufo appeals his conviction for failing to comply with the Sex Offender Registration and Notification Act (SORNA),[1] a violation of 18 U.S.C. § 2250(a). Four issues remain, each of which is foreclosed by court precedent.

First, Marrufo makes what he is calling a sufficiency of the evidence claim. The parties agree that the government had to prove that Marrufo (1) was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* 42 U.S.C. § 16913.

No. 09-50834

required to register under SORNA, (2) traveled in interstate or foreign commerce, and (3) "knowingly fail[ed] to register or update a registration as required by [SORNA]."[2]  Marrufo focuses on the third prong, urging conviction requires proof the defendant "knew" the specific SORNA requirements. We have consistently rejected this type of argument, commenting that "ignorance of the law is not a defense" and "'SORNA's criminal provision is not a specific intent law.'"[3]

Second, Marrufo suggests that his conviction violates due process because Texas has not yet implemented SORNA's provisions.  This court has already rejected that line of attack.[4]  Third, Marrufo argues that, with SORNA, Congress exceeded its authority under the Commerce Clause.  The defendant concedes this argument is foreclosed by *United States v. Whaley*.[5]  Last, Marrufo urges that SORNA violates his due process rights for not giving sex offenders notice of its registration requirements, but concedes that *Whaley* also forecloses this argument.[6]  AFFIRMED.

---

[2]  *See* 18 U.S.C. § 2250(a).

[3]  *United States v. Whaley*, 577 F.3d 254, 262 n.6 (5th Cir. 2009) (quoting *United States v. Gould*, 568 F.3d 459, 468 (4th Cir. 2009)); *see also United States v. Contreras*, 2010 WL 2332073, at *1, 2010 U.S. App. LEXIS 11552, at *2–*3 (5th Cir. June 7, 2010) (unpublished); *United States v. McBroom*, 2010 U.S. App. LEXIS 11113, at *2–*3 (5th Cir. June 1, 2010) (unpublished); *United States v. Knezek*, 2010 WL 1655321, at *1, 2010 U.S. App. LEXIS 8585, at *1–*3 (5th Cir. Apr. 26, 2010) (unpublished); *United States v. Puente*, 348 F. App'x 76, 77 (5th Cir. 2009) (unpublished).

[4]  *See United States v. Heth*, 596 F.3d 255, 258–60 (5th Cir. 2010). "Texas . . . had a sex offender registry in which [defendant] could have registered, as was required of him." *Id.* at 259.

[5]  577 F.3d at 258–61.

[6]  *Id.* at 261–62.