# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 8, 2010

No. 09-50890
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BILLY RAY ROSS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-977-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Billy Ray Ross appeals from his conviction of failing to register as a sex offender, pursuant to 18 U.S.C. § 2550.

He argues in his appellant's brief that the interim regulations making the Sex Offender Registration and Notification Act (SORNA) retroactive violated the Administrative Procedure Act (APA) because the Attorney General failed to allow a comment period before promulgating the regulations. He concedes in his reply brief that the Government is correct that his APA argument is unavailing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the permanent regulations governing retroactivity apply to his case. Ross has abandoned the APA issue and we do not consider it. *See Morin v. Caire,* 77 F.3d 116, 120 n.6 (5th Cir. 1996).

Ross asserts that the Government failed to show that he knowingly failed to register as a sex offender or update his registration because it failed to show that he had knowledge of the requirements of SORNA. Ross's argument is foreclosed. *See United States v. Heth,* 596 F.3d 255, 258 (5th Cir. 2010); *United States v. Whaley,* 577 F.3d 254, 262 n.6 (5th Cir. 2009).

He contends that SORNA is beyond Congress's power under the Commerce Clause. He argues that SORNA violates the Due Process Clause because no notice of the statute's registration requirements is required for a violation of the statute and because he was prosecuted before any state implemented SORNA. He concedes that his contentions are foreclosed, but he raises them to preserve them for further review. Ross's Commerce Clause and Due Process Clause contentions are foreclosed. *See Heth,* 596 F.3d at 259-60; *Whaley,* 577 F.3d at 258-62.

AFFIRMED.