**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2012

Lyle W. Cayce
Clerk

No. 08-51212
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEITH CAVELL REEDER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-977-ALL

Before  JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Keith Cavell Reeder appeals his conviction for failure to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA). *See* 18 U.S.C. § 2250(a).  Reeder had been sentenced to eight years of confinement and given a bad-conduct discharge from the United States Army following his 2002 conviction by an Army court of multiple sex offenses.  Before being released, Reeder acknowledged that he was subject to registration requirements as a sex offender in any state in which he resided or worked.  After his release,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Reeder reported to the El Paso (Texas) Sex Offender Registration Team and acknowledged his life-long obligation to report all changes in his employment status. Reeder thereafter failed to report all such changes.

SORNA became law after Reeder's sex offense convictions. *See United States v. Young*, 585 F.3d 199, 200-01 (5th Cir. 2009); 42 U.S.C. § 16901. Under SORNA, a sex offender is required to register in each jurisdiction in which he resides or is employed and must update his registration information following, inter alia, any change in employment status. 42 U.S.C. § 16913(a), (c). Section 2250 provides for a fine and up to 10 years of imprisonment for a person who is a sex offender "by reason of a conviction under . . . the Uniform Code of Military Justice," § 2250(a)(2)(A), and who "knowingly fails to register or update a registration as required by" SORNA. § 2250(a)(3).

We reject Reeder's claim that Congress had no authority under the Commerce Clause to enact SORNA. We recently concluded that SORNA is unconstitutional as applied to "a former federal sex offender [who] has served his sentence and already been unconditionally released from prison and the military." *United States v. Kebodeaux*, 687 F.3d 232, 234 (5th Cir. 2012) (en banc). We noted, however, that we did not question the application of SORNA's "registration requirements for any federal sex offender who was in prison or on supervised release when the statute was enacted in 2006." *Id.* at 234.

Our precedent forecloses the argument that due process was violated because Reeder was never given notice of his duty to register under SORNA. *See United States v. Whaley*, 577 F.3d 254, 260-64 (5th Cir. 2009). Also foreclosed are the arguments that SORNA did not apply because Texas had yet to implement it, *see United States v. Heth*, 596 F.3d 255, 259 (5th Cir. 2010), and that the Government was required to prove that Reeder knew of SORNA's requirements. *See id.* at 258 n.3.

AFFIRMED.