# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 7, 2013

Lyle W. Cayce
Clerk

No. 12-50391
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD RAND,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2727-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ronald Rand appeals his conviction for failure to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA). *See* 18 U.S.C. § 2250(a). He asserts the following: (1) Congress lacked authority under the Commerce Clause to enact SORNA, (2) the SORNA conviction violated his due process rights, and (3) the evidence was insufficient to show the "knowledge" element of § 2250. The Government moves for summary affirmance in lieu of filing a brief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50391

Rand, who is represented by the Federal Public Defender, concedes that his arguments are foreclosed by *United States v. Whaley*, 577 F.3d 254, 256-62 (5th Cir. 2009) and *United States v. Heth*, 596 F.3d 255, 259 (5th Cir. 2010). He raises the issues to preserve them for further review.

In 2007, Rand was convicted of abuse or sexual contact of a child and sentenced to 48 months of imprisonment and three years of supervised release. Prior to his release, Rand acknowledged that he was subject to registration requirements as a sex offender in any state in which he resided or worked. After his release, Rand acknowledged his obligation to report all changes in his address. Rand thereafter failed to report all such changes.

Under SORNA, a sex offender is required to register in each jurisdiction in which he resides or is employed and must update his registration information following, inter alia, any change in address. 42 U.S.C. § 16913(a), (c). We do not question the application of SORNA's "registration requirements for ..."any federal sex offender who was in prison or on supervised release when the statute was enacted in 2006 or . . . any federal sex offender convicted since then." *United States v. Kebodeaux*, 687 F.3d 232, 235 (5th Cir. 2012) (en banc), *petition for cert. filed* (Oct. 4, 2012) (No. 12-418). Rand was convicted after SORNA's enactment. *See United States v. Young*, 585 F.3d 199, 200-01 (5th Cir. 2009); 42 U.S.C. § 16901. He was on supervised release when he committed the instant offense and is subject to SORNA's regulation. *See Kebodeaux*, 687 F.3d at 247. His Commerce Clause challenge is foreclosed, therefore.

As Rand concedes, our precedent forecloses his due process and knowledge arguments. *See United States v. Whaley*, 577 F.3d 254, 261-62 & n.6 (5th Cir. 2009); *United States v. Heth*, 596 F.3d 255, 258 n.3, 259 (5th Cir. 2010). Accordingly, the judgment of the district court is affirmed. The Government's motion for summary affirmance is granted.

AFFIRMED; MOTION GRANTED.