# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2013

Lyle W. Cayce
Clerk

No. 08-51226
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVE SANTANA-SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-978-ALL

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Steve Santana-Smith appeals his conviction of failing to register as a sex offender as required by the Sex Offender Registration and Notification Act (SORNA). *See* 18 U.S.C. § 2250(a)(1), (2)(A), (3); 42 U.S.C. § 16913(a)-(c). In 2007, a United States Army court convicted Santana-Smith of carnal knowledge, indecent acts with a child, and sodomy of a child under 16.

On appeal, Santana-Smith argues that § 2250(a)(2)(A), which criminalizes a federal sex-offender's failure to comply with SORNA's registration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirements, is unconstitutional as applied in his case because it is not grounded in any of the enumerated powers of Congress contained in Article I of the Constitution. However, his argument lacks merit. In *United States v. Kebodeaux*, 687 F.3d 232, 234 (5th Cir. 2012) (en banc), *cert granted*, 133 S. Ct. 928 (2013), we determined that Congress was authorized under Article I of the Constitution to impose SORNA's "registration requirements [on] any federal sex offender who was in prison or on supervised release when the statute was enacted in 2006 or . . . any federal sex offender convicted since then."

Next, he argues that his conviction violates due process because he did not receive notice that he was required to register under SORNA and because registration was impossible in Texas and Colorado where SORNA had not been implemented. Those arguments are foreclosed by this court's decisions in *United States v. Heth*, 596 F.3d 255, 258 n.3, 259 (5th Cir. 2010), and *United States v. Whaley*, 577 F.3d 254, 260-64 & n.6 (5th Cir. 2009).

Finally, Santana-Smith argues that the Government was required, and failed, to prove, as an element of the § 2250(a) offense, that he knew his failure to register under SORNA violated federal law. However, SORNA contains "no language requiring specific intent or willful failure to register such that [the defendant] must know his failure to register violated federal law." *Whaley*, 577 F.3d at 262 n.6 (internal quotation marks and citation omitted). His challenge to the sufficiency of the evidence lacks merit. *See Heth*, 596 F.3d at 258 n.3.

AFFIRMED.