# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 09-50026
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARK MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC 3:08-CR-1319-ALL

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Mark Martinez was convicted in 1991 in a Texas court of aggravated sexual assault of a child; he was required by Texas law to register as a sex offender for life and verify his registration annually. In 2008, Martinez was charged with violating 18 U.S.C. § 2250 by knowingly failing to register as a sex offender after traveling in interstate commerce, a violation of the Sex

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50026

Offender Registration and Notification Act ("SORNA").  Following a bench trial, the district court found Martinez guilty as charged.  Martinez appealed.

The Government filed a motion for summary affirmance, asserting that the issues raised by Martinez on appeal have been fully resolved by a recent Supreme Court decision and by recent decisions by this court.  *See United States v. Kebodeaux*, 133 S. Ct. 2496 (2013); *United States v. Heth*, 596 F.3d 255 (5th Cir. 2010); *United States v. Whaley*, 577 F.3d 254 (5th Cir. 2009).  Summary affirmance is proper when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Martinez's first contention on appeal is that Congress lacked authority under the commerce clause to enact SORNA.  We have already determined that it was within Congress's power under the Commerce Clause to forbid sex offenders from using the channels of interstate commerce to evade registration requirements.  *Whaley,*  577 F.3d at 258.

Martinez also makes two due process arguments on appeal.  First, he points out that no Texas statute implements SORNA.  He argues, then, that he had no duty to register, it would be impossible to do so, and he could have no liability for failing to do so.  We have already rejected a similar argument by holding that "nothing in SORNA's statutory scheme indicates that an individual's registration obligations are contingent upon a state's implementation of SORNA's administrative requirements." *Heth,* 596 F.3d at 259.  Heth's due process challenge was without merit, *id.*, and so is  Martinez's.

Martinez argues a separate due process violation based on his failure to receive any notice of SORNA or its registration requirements.  This court has rejected the argument that ignorance of SORNA's requirements serves as a defense to prosecution: "notice of a duty to register under state law is sufficient

2

to satisfy the Due Process Clause." *Whaley*, 577 F.3d at 262. Martinez was aware that he was required to register under Texas law, signed documents to that effect, and in fact did register in Texas. Martinez's due process claims have been addressed and rejected by this court. *See Heth*, 596 F.3d at 259; *Whaley*, 577 F.3d at 262.

Finally, Martinez argues that actual knowledge of SORNA is a requirement for conviction under Section 2250 for "knowingly failing to register . . . ." To the contrary, "SORNA's criminal provision is not a specific intent law . . . . There is no language requiring specific intent or a willful failure to register such that he must know his failure to register violated federal law." *Whaley*, 577 F.3d at 262 n.6 (quoting *United States v. Gould*, 568 F.3d 459, 468 (4th Cir. 2009)). A conviction under Section 2250 does not require notice of SORNA but only "notice of a duty to register under state law." *Whaley*, 577 F.3d at 262.

Because there can be no substantial question as to the outcome of the case, the Government's motion for summary affirmance is GRANTED and the judgment of the district court is AFFIRMED. Accordingly, the Government's alternative motion for an extension of time to file a responsive brief on the merits is DENIED as moot.