# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40843
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGER GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:18-CR-33-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Roger Garcia appeals his conviction for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a).  The district court sentenced him to 18 months of imprisonment and a 10-year term of supervised release.  Although Garcia has been released from prison, his appeal is not moot.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

First, Garcia argues that there was insufficient evidence of his failure to register a change of employment.  We review a challenge to the sufficiency of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the evidence following a bench trial for "whether the finding of guilt is supported by substantial evidence, i.e., evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond reasonable doubt that the defendant is guilty." *United States v. Turner*, 319 F.3d 716, 720 (5th Cir. 2003) (internal quotation marks and citation omitted).

Viewed in the light most favorable to the Government, the finding of guilt was supported by substantial evidence. *See id.* at 720-21. Garcia was aware that he was required to register under Texas law, signed documents to that effect, and in fact did register in Texas. Both the Texas and federal offender notices specifically set out the requirement that Garcia report any change in his employment status. Adriana Reyes testified that Garcia failed to report that he was no longer working for Guevara Construction. Hector Guevara testified that he ended Garcia's employment because of an economic slowdown. The district court reasonably inferred from this evidence that, despite Garcia's assertion to the contrary, he was not still employed by Guevara and, thus, was required to report to the probation officer the change in his employment status. *See* 34 U.S.C. § 20913(c); *Turner*, 319 F.3d at 720-21. Therefore, Garcia's challenge to the sufficiency of the evidence is unavailing. *See Turner*, 319 F.3d at 720.

Second, Garcia argues that he suffered a due process violation because the statute of conviction is unconstitutionally vague as it does not provide adequate notice of its prohibited conduct. Because we have rejected similar due process claims, Garcia has not demonstrated a constitutional violation related to notice of the reporting requirements. *See United States v. Heth*, 596 F.3d 255, 259 (5th Cir. 2010); *United States v. Whaley*, 577 F.3d 254, 262 & n.6 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.