# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10597
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 11, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CHARLES MONROE FINCHUM,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CR-126-1

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.
PER CURIAM:*

Charles Monroe Finchum appeals his guilty plea conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). Relying on *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012), he argues that § 922(g)(1) exceeds the scope of Congress's power under the Commerce Clause and is therefore unconstitutional.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10597

The Government has filed an unopposed motion for summary affirmance and an alternative request for an extension of time to file its brief. The Government asserts that, under circuit precedent, Finchum's challenge to the constitutionality of § 922(g) is foreclosed. Summary affirmance is proper when, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Finchum's argument that § 922(g)(1) is unconstitutional because it exceeds the scope of Congress's power under the Commerce Clause is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999). Finchum concedes as much and raises the argument to preserve it for further review.

Accordingly, the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file a brief is DENIED. The judgment of the district court is AFFIRMED.